United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Susan Lynne Rohe, Appellant, | ) ) | Bankruptcy Appeal
| v. | ) ) | Case No. 19-23805-Civ-Scola
| Wells Fargo Bank, NA, Appellee. | ) ) ) | (Consol. Case Nos. 19-cv-23580-RNS, 19-cv23581- RNS) |

**Order Dismissing Bankruptcy Appeal in Part and
Affirming Bankruptcy Court Orders in Part**

Appellant Susan Lynne Rohe complains Appellee Wells Fargo Bank, NA, improperly continued to litigate a foreclosure case in state court despite both her filing for Chapter 13 bankruptcy and her purported removal of the foreclosure case to federal court. She also complains Wells Fargo's proof of claim, filed in her bankruptcy case, based on that foreclosure case, is invalid. In this consolidated appeal, Rohe specifically appeals three orders issued by bankruptcy court: (1) an August 16, 2019, order (a) denying reconsideration of an earlier order granting Wells Fargo relief from an automatic stay so that Wells Fargo could pursue the sale of Rohe's residence as a result of a final foreclosure judgment in 2018; (b) denying Rohe's motion to enforce the automatic stay in Florida's Third District Court of Appeal as moot; and (c) overruling Rohe's objections to Wells Fargo's proof of claim (Bankr. Ct.'s Omnibus Order Denying Recon., Etc. (the "August 16 Omnibus Order"), ECF No. 13-6, 289–90) (this appeal was docketed as case number 19-cv-23580); (2) an August 26, 2019, order dismissing Rohe's adversary complaint in which she sought to invalidate the 2018 foreclosure judgment and Wells Fargo's proof of claim which was based on that judgment (Bankr. Ct.'s Order Dismissing Adv. Compl. Challenging Claim (the "August 26 Dismissal Order"), ECF No. 9-4, 929–930) (docketed as case number 19-cv-23581); and (3) a September 4, 2019, order dismissing Rohe's adversary proceeding in which she attempted to remove the appeal pending before the Third District (Bankr. Ct.'s Order Dismissing Purported Removal (the "September 4 Dismissal Order"), ECF No. 16-2, 1207–08) (docketed as case number 19-cv-23805). (Rohe's Init. Br., ECF No. 43.) Wells Fargo maintains Rohe's consolidated appeals should all be dismissed under the doctrine of res judicata because all the rulings at issue here were addressed when United States District Court Judge James Lawrence King dismissed an all writs petition which Rohe had filed on August 26, 2019, just hours before Rohe filed her first appeal in this consolidated case. (Wells Fargo's Mot. to Dismiss, ECF No. 40.) Wells Fargo also argues, to the extent the Court does not dismiss Rohe's appeals, the bankruptcy court's orders should

all be affirmed. (Wells Fargo's Ans. Br., ECF No. 45.) Both the motion to dismiss and Rohe's appeal have been fully briefed. (Rohe's Resp. to Mot. to Dismiss, ECF No. 41; Wells Fargo's Reply, ECF No. 42; Rohe's Reply Br., ECF No. 46.) After careful review, the Court finds Wells Fargo's reliance on claim and issue preclusion, with respect to Judge King's dismissal order, misplaced. On the other hand, the Court nonetheless finds many of the issues Rohe raises here barred under the doctrine of claims-splitting and the remaining issues precluded by the state-court foreclosure litigations. The Court, therefore, **dismisses** Rohe's appeals **in part** and **affirms** the bankruptcy court's orders **in part**. In so doing, the Court **denies** Wells Fargo's motion to dismiss **as moot** (**ECF No. 40**).

## 1. Background

In 2013, Wells Fargo filed a foreclosure action against Rohe and her husband Lee Robert Rohe in state court in Monroe County. (Rohe's Br., ECF No. 43, 19.) The state court entered final judgment in favor of the Rohes in May 2016, finding Wells Fargo lacked standing as result of an unauthenticated signature indorsing the relevant promissory note. (2016 State Court Corr. Final Judgment, ECF No. 9-4, 35–39.)

After rectifying the authentication issue with respect to the promissory note, Wells Fargo filed a second foreclosure action in March 2017. (Rohe's Br. at 19.) This time, after a trial, the state court found in favor of Wells Fargo, entering an *in rem* judgment, in December 2018, against the Rohes and expressly rejecting the Rohes' counterclaims of fraud and forgery. (2018 State Court Findings and Concs., ECF No. 9-4, 500–06.) In its final judgment, the state court found Wells Fargo entitled to $656,959.04 and scheduled an auction to sell the property on February 21, 2019. (2018 State Court Final Judgment of Foreclosure (the "2018 Judgment"), ECF No. 9-4, 507–11.)

The Rohes appealed the 2018 Judgment, on January 14, 2019, to Florida's Third District Court of Appeal. (Rohe's Br. at 18.) While the appeal was pending, and less than a week before the scheduled foreclosure sale, Rohe filed for bankruptcy, a month later, on February 15, in the United States Bankruptcy Court for the Southern District of Florida. (*Id.* at 19.) As a result of Rohe's bankruptcy filing, the scheduled sale was canceled. (*Id.*) Rohe's appeal of the 2018 Judgment, however, continued unabated, despite Rohe's request for a stay. (*Id.* at 19–20.)

In the meantime, in May 2019, Wells Fargo filed its proof of claim, in Rohe's bankruptcy case, and, thereafter, sought relief from the automatic stay in order to proceed with the sale of the Rohes' property. (Wells Fargo's Ans. Br. at 9.) The bankruptcy court granted Wells Fargo relief from the stay on July 3,

2019. (Bankr. Ct. Order Granting Relief from Stay, ECF No. 9-6, 26.) Prior to the lifting of the stay, Rohe also objected to Wells Fargo's claim, setting forth several arguments, on June 11, 2019, in support of why she thought the bankruptcy court should disallow the claim: Wells Fargo lacked standing and failed "to prove transfer of loan due to adjudicated forgery"; there was no proof that Wells Fargo acquired the note through merger; the Rohes never borrowed any money from Wells Fargo; the 2016 state-court judgment barred Wells Fargo's claim; and the proof of claim is "Illegal Due to Unlawful Fees and Expenses; Charging Interest upon Interest and Fraudulent Reference to Charges Predating Default Date." (Rohe's Am. Objs. to Claim, ECF No. 13-6, 45–48.)

In early July, in her bankruptcy case, Rohe asked the court to enjoin both the state appellate court and Wells Fargo from moving forward with the state-court foreclosure proceedings. (Rohe's Mot. to Enforce Stay, ECF No. 13-6, 66–82.) The bankruptcy court, thereafter, heard argument, on July 30, on Rohe's (1) motion that the court reconsider its order lifting the stay; (2) motion to enjoin the appellate court and Wells Fargo from proceeding with Rohe's appeal; and (3) objections to Wells Fargo's claim. (Wells Fargo's Ans. Br. at 10.) The bankruptcy court summarily denied Rohe's two motions and overruled her objections in the August 16 Omnibus Order. (Aug. 16 Omnibus Order at 289–90.)

In the meantime, Rohe had filed two adversary complaints: one, on June 27, in which she challenged Wells Fargo's claim "on the basis that [it] contained false statements and material omissions of key documents" (Rohe's Br. at 20); and the other, on July 14 in which Rohe purportedly "removed" her pending state appellate case to bankruptcy court (*Id.* at 21). The bankruptcy court readily dismissed both adversary complaints, one in an order on August 26 and the other, less than two weeks later, on September 4. (Aug. 26 Dismissal Order at 929–30; Sep. 4 Dismissal Order at 1207–08.)

Shortly after the bankruptcy court dismissed Rohe's first adversary case, Rohe filed a "Petition for Writ of All Writs," against Wells Fargo, which was assigned to Judge King in Civil Case No. 19-cv-10140-JLK. In that petition, Rohe complained the state appellate court continued to proceed with her appeal (1) despite her attempt to remove her appeal to bankruptcy court; and (2) in violation of her right to an automatic stay as a result of her bankruptcy filing. (Rohe's Pet., ECF No. 40-4.) Ultimately, through her petition, Rohe asked Judge King to (1) declare the Third District's decision affirming the 2018 Judgment void; (2) declare the state court's order rescheduling her foreclosure sale void; and (3) award her damages against Wells Fargo for violating the stay and continuing to litigate in state court after Rohe "removed" her appeal to

bankruptcy court. (*Id.* at 17.) Judge King dismissed Rohe's case, on September 19, 2019, with prejudice, under the *Rooker-Feldman* doctrine. (J. King's Order, ECF No. 40-5.)

Rohe's three appeals in this consolidated action followed shortly after the filing of her all writs petition.

## 2. Discussion

As described above, Rohe appeals three bankruptcy-court orders through this consolidated case: one order that (1) declined Rohe's request to impose her automatic bankruptcy stay on Wells Fargo's participation in state-court proceedings and (2) overruled her objections to Wells Fargo's claim; and two orders dismissing her adversary complaints against Wells Fargo. The Court finds much of Rohe's appeal duplicative of claims she raised in her all writs petition before Judge King. The Court finds the remaining issues precluded because they have been previously litigated by the parties in state court.

### A. Duplicative Issues in Rohe's Federal Cases

Wells Fargo argues, in fairly broad strokes, that the entirety of Rohe's consolidated appeal should be dismissed under the doctrine of res judicata with respect to her all writs petition. But Wells Fargo has failed to adequately explain how these two federal cases—the instant appeal and the all writs litigation—actually fit into that doctrine. For example, for claim preclusion to apply, there must have been, among other requirements, "a final judgment on the merits." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). Although Judge King entered an order dismissing Rohe's all writs petition, with prejudice, the dismissal was based on a lack of subject-matter jurisdiction, under the *Rooker-Feldman* doctrine. (J. King's Order at 2.) So, even if that order is properly considered a final judgment, Wells Fargo has provided no support that would justify a finding that Judge King's dismissal was based on the merits.[1]

---

[1] Misleadingly, Wells Fargo cites *Njau v. Harford County* to support its position, contending the court there applied res judicata to a "second federal suit raising claims that could have been raised in [an] earlier suit, after the first federal suit was dismissed on *Rooker-Feldman* grounds." (Wells Fargo's Reply at 3 (citing *Njau v. Harford County*, CV ELH-15-00049, 2015 WL 7352215 (D. Md. Nov. 19, 2015)).) Wells Fargo omits two key points, however, about that case. To begin with, the prior federal case had been dismissed on two alternative grounds: *Rooker-Feldman* and res judicata. Second, the court in *Njau* also relied on a prior state-court case, in addition to the prior federal case, noting that the state court "*specifically addressed the merits* of [the] plaintiff's claim." *Id.* at * 11 (emphasis added here). The *Njau* case, then, cannot support Wells Fargo's apparent contention that Judge King's order was a decision "on the merits."

Similarly, for issue preclusion to apply, "the issue at stake must be identical to the one involved in the prior litigation," "the issue must have been actually litigated in the prior litigation," and "the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action." *In re Halpern*, 810 F.2d 1061, 1064 (11th Cir. 1987). Wells Fargo's presentation is far too conclusory to establish these three elements. Wells Fargo simply describes the three orders Rohe appeals here and then summarily asserts that Rohe attempted "to challenge these bankruptcy court rulings through [her all writs] petition with the expressly stated purpose of obtaining 'immediate relief' from the bankruptcy court orders." (Wells Fargo's Mot. at 3.) Further, Judge King's dismissal order does not specifically identify the precise issues Rohe now raises on appeal as having been actually litigated and critical and necessary to the dismissal. In short, Wells Fargo has not come even close to meeting its rigorous burden of establishing the application of issue preclusion. *See Crowley Mar. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 931 F.3d 1112, 1129 (11th Cir. 2019) (noting the requirement that issue preclusion extends only to an issue "actually litigated" is "enforce[d] . . . with rigor"); *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 536 (5th Cir. 1978)[2] ("It is insufficient for the invocation of issue preclusion that some question of fact or law in a later suit was relevant to a prior adjudication between the parties; the contested issue must have been litigated and necessary to the judgment earlier rendered.").

On the other hand, Rohe does not get a pass simply because her consolidated appeals do not fit neatly into either claim or issue preclusion. Instead, "it is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017). This concept, referred to as claim-splitting, "is an offshoot of res judicata that is concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting the finality of judgments." *O'Connor v. Warden, Florida State Prison*, 754 Fed. App'x 940, 941 (11th Cir. 2019) (cleaned up).[3] In evaluating whether a case is duplicative of another, a court must find "(1) mutuality of the parties and their privies, and; (2) whether separate cases arise from the same transaction or series of transactions." *Id.* (cleaned up). To determine whether "successive causes of action arise from the same transaction or series of

---

[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] The Court uses "(cleaned up)" to indicate internal quotation marks, alterations, or citations have been omitted from quotations. *See, e.g., Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1285 (11th Cir. 2020).

transactions," a court looks at whether "the two actions are based on the same nucleus of operative facts." *Vanover*, 857 F.3d at 842. Certainly, the first element is satisfied here: Rohe initiated both the petition and the appeals and Wells Fargo is the sole opponent named in each case. Additionally, as explained in more detail, below, the Court has no difficulty in concluding that much—although not all—of what Rohe raises here, in these appeals, is duplicative of what she simultaneously presented in her all writs petition.

  First, in appealing the bankruptcy court's August 16 Omnibus Order, Rohe, seeks, among other things, reversal of the bankruptcy court's decision to afford Wells Fargo stay relief and its refusal to otherwise enforce the automatic stay. (Rohe's Init. Br. at 15–16.) Rohe's petition, similarly, also focused on the lack of enforcement of the stay: she argued that both the Third District's order, affirming the state court's foreclosure judgment, and the ensuing lower state court's order, reinstating the foreclosure sale, "should be deemed void." (Rohe's All Writs Pet. at 14–15.) Ultimately, when the bankruptcy court granted Wells Fargo stay relief and refused to grant Rohe's motion to force the state court to abide by the stay, Rohe sought a way around those orders by (1) first filing her all writs petition and then (2) filing her appeals. At bottom, the Court readily finds that both matters arise from the same nucleus of operative facts.

  Next, in appealing the bankruptcy court's September 4 order, Rohe seeks a reversal of the bankruptcy court's decision to dismiss her attempted removal of her appellate case from the Third District to the bankruptcy court. (Rohe's Init. Br. at 18.) In doing so, she asks the Court to find all the orders issued by the state courts, at both the appellate and trial level, during the period of her automatic stay, *void ab initio*. (*Id.*) Similarly, in her petition, Rohe complained that "the state court lacked jurisdiction to proceed with [her] action after her July 15[] removal." (Rohe's Pet. at 17.) Although the bankruptcy court had not yet issued its order of dismissal at the time Rohe filed her petition, the Court finds that her appeal here nonetheless ultimately arises from the same nucleus of operative facts: she complains Wells Fargo, and the state courts, violated her rights by proceeding with her foreclosure case despite her attempt to remove the case to federal court.

  Accordingly, in exercising its discretion to do so, the Court dismisses, with prejudice, that aspect of Rohe's appeal of the August 16 Omnibus Order that complains about the bankruptcy court's treatment of her automatic stay as well as her appeal of the September 4 Dismissal Order in its entirety. *Vanover*, 857 F.3d at 837, 842–43 (affirming dismissal of case, with prejudice, for claim splitting where "the factual bases for both lawsuits are related in time, origin, and motivation, and they form a convenient trial unit, thereby precluding [the plaintiff] from splitting . . . claims among the lawsuits").

On the other hand, the Court does not find that aspect of Rohe's appeal of the August 16 Omnibus Order that addresses her objection to Wells Fargo's proof of claim or her appeal of the dismissal of her adversary complaint challenging Wells Fargo's claim, to be duplicative of any claim presented in her all writs petition. While she mentions these issues in the fact section of her petition, she never directly challenges either of those orders. And while Rohe's dispute regarding Wells Fargo's claim is certainly related to her other grievances, it is distinct enough that the Court does not find it necessarily arises out of the same transaction or series of transactions as set forth and argued in her all writs petitions. Accordingly, the Court declines to exercise its discretion to dismiss her appeal of those matters on the basis of claims splitting.

### B. Duplicative Issues in Rohe's Federal Appeals and the State Case

Once again, though, this does not mean Rohe's remaining claims are viable. Wells Fargo's proof of claim in Rohe's bankruptcy case is based on the 2018 Judgment against the Rohes. Rohe's appeals of the bankruptcy court's orders with respect to that claim hinge on her contention that the 2018 Judgment is invalid. These issues are plainly barred, however, on the basis of issue preclusion.

Wells Fargo's entitlement to the foreclosure judgment was litigated against Rohe in state court, where a final judgment was rendered after a trial. That 2018 judgment was then affirmed on appeal. Underpinning all of Rohe's objections to Wells Fargo's claim is that very judgment.[4] Rohe's arguments to the contrary—that the bases of her objections to the proof of claim were never litigated in the state court—are unavailing. For example, she identifies the following as her objections to Wells Fargo's claim: Wells Fargo's lack of standing; Wells Fargo's failure to prove that the loan was transferred "due to adjudicated forgery in state court"; there has been "no proof of acquisition of note through merger"; the indorsement was forged; the lawful lienholder remains Union Federal Bank of Indianapolis; Rohe never borrowed money from Well Fargo; Wells Fargo's claim is precluded as a result of the 2016 state court final judgment, dismissing Wells Fargo's first foreclosure case; and unlawful fees, expenses, and interest listed in the "mortgage proof of claim." (Rohe's Am. Objs., ECF No. 13-6, 45–47 (cleaned up).) Every single objection challenges the

---

[4] Rohe's objection that any form of res judicata is inapplicable because her appeal of the 2018 Judgment was still pending when she filed her case is unavailing. Res judicata principles apply regardless of whether a final judgment is the subject of an appeal. *CCB, LLC v. BankTrust*, 552 Fed. App'x 963, 965 (11th Cir. 2014) ("Under Florida law, a judgment entered by a court of competent jurisdiction has preclusive effect notwithstanding a pending appeal.")

propriety of the 2018 Judgment. Every issue raised was litigated and resolved through the state foreclosure action.

After careful review, the Court finds (1) the issues at stake here are identical to the ones decided in the state court; (2) these issues were actually litigated in the state court; and (3) the state court's determination of these issues were critical and necessary parts of the judgment in the state court. *See In re Mohorne*, 08-60035-CIV, 2008 WL 11333542, at *4 (S.D. Fla. Apr. 30, 2008) (Gold, J.) (applying issue preclusion where an appellant bankruptcy debtor sought to "relitigate the issue of whether [certain] properties were subject to [a] foreclosure" that had been "decided by the state court" and where that "determination was a necessary part of the state court's order, the issue was actually litigated in that case" and "both [the debtor appellant] and [a]ppellee [b]ank were parties to the state court action"). The Court thus affirms that portion of the bankruptcy court's August 16 Omnibus Order overruling Rohe's amended objections to Well Fargo's proof of claim and the bankruptcy court's August 26 order dismissing, with prejudice, Rohe's adversary complaint, challenging that claim. *See In re MacQuarrie*, 6:14-BK-13112-KSJ, 2017 WL 4158337, at *2 (Bankr. M.D. Fla. Sept. 18, 2017) (dismissing adversary proceeding, with prejudice, based on res judicata regarding a final judgment of foreclosure).

### 3. Conclusion

As set forth above, the Court dismisses the claims Rohe raises in her appeals that are duplicative of the issues set forth in her all writs petition before Judge King. The Court **affirms** the bankruptcy court's orders, **in part**, as to her remaining claims. Accordingly, the Court **denies** Wells Fargo's motion to dismiss **as moot** (**ECF No. 40**).

Accordingly, the Clerk is directed to **close** this case. Further, based on the Court's order, the need for oral argument has been obviated. The hearing previously set for January 9, 2020, then, is **canceled**. Finally, the Court also **denies** any pending motions **as moot**.

**Done and ordered**, at Miami, Florida, on December 7, 2020.

Robert N. Scola, Jr.
United States District Judge