United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Susan Lynne Rohe, Appellant, | ) |
| | ) Bankruptcy Appeal |
| v. | ) Case No. 19-23805-Civ-Scola |
| | ) (Consol. Case Nos. 19-cv-23580-RNS, |
| Wells Fargo Bank, NA, Appellee. | ) 19-cv23581- RNS) |

## Order Denying Motion for Reconsideration

Appellant Susan Lynne Rohe complains the Court either "overlooked or misapprehended" a number of issues in its order ruling on her bankruptcy appeal. (Appellant's Mot., ECF No. 49; Ct.'s Order, ECF No. 47.) Appellee Wells Fargo Bank, NA, has not responded and the time to do so has passed. Rohe's quarrel focuses on the way the Court characterized various aspects of both the record in her case and the arguments she presented in her appeal. In doing so, much of what she presents amounts to simply rehashing what the Court has already considered and then ruled on. And, ultimately, none of the issues Rohe raises would result in a different outcome. See *Coleman v. Starbucks*, 614CV527ORL22TBS, 2016 WL 1223988, at *2 (M.D. Fla. Mar. 29, 2016) ("The moving party must meet a very high standard, presenting facts or law of a strongly convincing nature to induce the court to reverse its prior decision.") (cleaned up);[1] *Johnson v. United States*, CIV.A.1:96CV1757-JOF, 1999 WL 691871, at *1 (N.D. Ga. July 14, 1999) ("[C]lerical errors and minor mistakes made by the court . . . are not sufficient to warrant reconsideration."). Accordingly, the Court **denies** Rohe's request for the Court's reconsideration (**ECF No. 49**).

On the other hand, Rohe has brought to the Court's attention a mistake the Court made in the way it described the 2018 state-court foreclosure judgment against the Rohes. The Court presented that state-court order as "expressly rejecting the Rohes' *counterclaims* of fraud and forgery." (Order at 2 (emphasis added).) As Rohe points out, however, the Rohes did not, in fact, have any counterclaims for fraud or forgery against Defendant Wells Fargo Bank, NA, in the referenced state-court case. The Court acknowledges the error. The record indicates the Rohes simply presented arguments relying on allegations of fraud and forgery in defending the state-foreclosure action; they did not, as Rohe makes clear, present any actual counterclaims based on those

---

[1] The Court uses "(cleaned up)" to indicate internal quotation marks, alterations, or citations have been omitted from quotations. *See, e.g., Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1285 (11th Cir. 2020).

allegations. Therefore, to clear up the record, the Court by this order, **amends** its December 7, 2020, order to substitute the word "allegations" in place of the word "counterclaims," in the middle of the second paragraph of section one, on page two. (**ECF No. 47, 2**.) Despite the error, this factual detail had no bearing on the Court's final decision and Rohe does not explain how this could have been in any way material to any of the Court's ultimate conclusions. In sum, this error is not a basis for the Court to reconsider its prior order. *See Washington v. Dep't of Children & Families*, 807CV-396T-24 TGW, 2007 WL 1703007, at *1 (M.D. Fla. June 8, 2007) ("Reconsideration of a previous order is an extraordinary remedy that should be used sparingly.").

Accordingly, the Court **denies** Rohe's motion for reconsideration (**ECF No. 49**) but amends its prior order as set forth above.

**Done and ordered**, at Miami, Florida, on February 10, 2021.

_____
Robert N. Scola, Jr.
United States District Judge